IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Brian Ellis Valbert, ) | Civil Action No.: 9:12-cv-01973-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| South Carolina Department of ) | |
| Mental Health, Gaylan Sanders, ) | |
| Harold Alexander, and Dr. Peggy ) | |
| Wadman, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Brian Ellis Valbert, proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is civilly committed to the South Carolina Department of Mental Health's Sexually Violent Predator Program ("the program"). The above-captioned Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 33. The matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant.[1] In the R&R, the Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment and dismiss Plaintiff's action.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, who is civilly committed as a sexually violent predator, filed this action in July 2012, alleging that Defendants were deliberately indifferent to his medical needs in not placing him in a single room and not allowing him to see a urologist. Plaintiff alleges that he suffers from a condition called "paruresis," in which he is unable to urinate in the presence of others. He claims

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

1

that Defendants' deliberate indifference caused him injury and seeks both damages and injunctive relief.[2]  On January 29, 2013, Defendants filed a motion for summary judgment, providing the affidavits of Defendants Peggy C. Wadman, M.D., ECF No. 33-2, and Galen Sanders, R.N, ECF No. 33-6.  Plaintiff was put on notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of the consequences of summary judgment, and Plaintiff filed a response.  Plaintiff, however, provided no evidence in support of his response.[3]  The Magistrate Judge issued his R&R on March 12, 2013, recommending that Defendants' motion for summary judgment be granted, finding that the undisputed evidence required summary judgment in favor of Defendants as a matter of law.  R&R, ECF No. 42.  Plaintiff filed timely objections to the R&R on March 25, 2013. Pl.'s Objs., ECF No. 45.  Defendants replied to Plaintiff's objections on April 16, 2013. Defs.' Reply, ECF No. 49.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may

---

[2] Because the facts are adequately stated in the Magistrate Judge's R&R, which the Court adopts, the Court need not elaborate on them further.

[3] After the Magistrate Judge issued his R&R, Plaintiff filed a "motion to strike" Defendants' motion for summary judgment, argument that Defendants' disclosure of his health information was in violation of federal and South Carolina law. *See* ECF No. 44.  Plaintiff's motion is denied.  First, the motion is untimely.  The motion is more appropriately a response to Defendants' motion for summary judgment, and his response was due March 7, 2013.  He did not file his motion to strike until March 25, at the earliest.  Second, the remedy he seeks—to strike Defendants' motion entirely—is overbroad and inappropriate in light of Rule 56(c)(2) of the Federal Rules of Civil Procedure.  Third, Plaintiff fails to point the Court to any *specific* law barring the admission of the evidence he challenges.

2

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting Defendants' motion for summary judgment. Specifically, the Magistrate Judge concludes that the undisputed facts show an absence of "serious medical problems" and of "any mistreatment or 'substantial departure from accepted professional judgment, practice or standards.' " R&R 13. Furthermore, the Magistrate Judge concludes, "to the extent Plaintiff's complaint could be construed as asserting a claim under the [American's With Disabilities Act ("ADA")]"—that Plaintiff his shown no evidence of discrimination on the basis of a disability. *Id.* at 14.[4] Plaintiff's objections to the recommendation are not entirely clear. However, it appears Plaintiff contends in his objections the Magistrate Judge erred in (1) deferring too much to Defendants' opinions, (2) accepting Defendants' false statements, (3) presuming that no ADA violation was committed by Defendants, (4) considering privileged information, and (5)

---

[4] The Magistrate Judge also recommending dismissing the Defendant Department of Mental Health on the basis of sovereign immunity, and Plaintiff does not object to the recommendation.

3

misunderstanding Plaintiff's claims. Pl.'s Objs. 1-10.  Despite these objections, the Court, after a *de novo* review, finds no error in the Magistrate Judge's recommendation.

Plaintiff never provided the Court with any evidence to create a genuine dispute of fact that Defendants "depart[ed] from accepted professional judgment, practice, or standards as to demonstrate that [they] actually did not base [their] decision[s] on such a judgment." *Youngberg v Romeo*, 457 U.S. 307, 323 (1982); Fed. R. Civ. P. 56(a), (c).  As the evidence shows, Plaintiff never complained about his condition until February 10, 2009—months after he was committed. Aff. of Galen Sanders 3. When he did first complain, he was placed in a room by himself for "[s]everal months." *Id.*  Once he received a new roommate, he complained again on September 11, 2009. *Id.* Approximately, two years later, after more complaints (which were routinely addressed by program doctors), Plaintiff was finally referred to a urologist. Aff. of Peggy C. Wadman 3.  Because a "bladder scan showed elevated residual urine," Plaintiff received medication, and his condition improved over the course of three follow-up visits. Id.  The urologist only recommended that Plaintiff receive a private room "*if possible*" and later, on May 10, 2010, recommended only a private toilet. *Id.* at 3-4.  Defendants followed the urologist's recommendations by giving Plaintiff a private room and a privacy card to place over his window while he used the bathroom. Aff. of Galen Sanders 6.  Defendant Wadman, the medical director for the program, attested that (1) she is unaware of Plaintiff ever having difficulty urinating with a roommate present and that (2) Plaintiff "has not had any blood in his urine or any panic attacks or sleep problems as a result of not being in a private room." Aff. of Peggy C. Wadman 4.  She also noted that Plaintiff, at the time of her affidavit, had been housed in a single occupant room for "several months." *Id.*

Even after drawing all inferences in a light most favorable to Plaintiff, as this Court must, the Court finds that the only evidence in the record shows that Defendants were not deliberately

4

indifferent to Plaintiff's medical condition. Nor does any evidence show Plaintiff was discriminated against because of his condition. Despite several years of Plaintiff's complaints, there is no evidence of any sufficiently serious medical condition to imply that Defendants acted unreasonably or in a manner "repugnant to the conscience of mankind." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). The only evidence in the record shows that Defendants ultimately accommodated Plaintiff's request to see a urologist and that Defendants followed the urologist's recommendations, including providing him his own room. These decisions of medical professionals are presumptively valid, and Plaintiff offers no evidence to rebut them. *Youngberg*, 457 U.S. at 323. Accordingly, the Magistrate Judge's recommendation is proper, and Plaintiff's objections are overruled.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including the motion for summary judgment, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to strike (ECF No. 44) is **DENIED**, that Defendants' motion for summary judgment (ECF No. 33) is **GRANTED** and that Plaintiff's complaint is **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

> s/ R. Bryan Harwell
> R. Bryan Harwell
> United States District Judge

Florence, South Carolina
August 20, 2013